# NO. 12-07-00374-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRAVIS BURDINE,*<br>*APPELLANT* | § | *APPEAL FROM THE 258TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Travis Burdine appeals from his conviction for aggravated robbery. In one issue, he argues that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant pleaded guilty to the felony offense of aggravated robbery. He waived trial by jury, and the trial court assessed punishment at fifty years of imprisonment. Appellant filed a motion for new trial alleging that he received ineffective assistance of counsel. The trial court denied the motion after a hearing. This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his single issue, Appellant argues that trial counsel rendered ineffective assistance because he did not seek out or present mitigating evidence at the sentencing hearing.

**Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S.

at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has the burden of proving ineffective assistance of counsel. *See id*.

Generally, we review a trial court's denial of a motion for new trial under an abuse of discretion standard. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) (citing *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)). In the context of an ineffective assistance of counsel claim, we review the ultimate question of prejudice de novo, but the trial court's decision is afforded deference on any underlying factual determinations. *See Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005). When no express fact findings are made by the trial court, we may "impute implicit factual findings that support the trial judge's ultimate ruling on that motion when such implicit factual findings are both reasonable and supported in the record." *Charles v. State*, 146 S.W.3d 204, 213 (Tex. Crim. App. 2004).[1]

**Facts**

Appellant's counsel did not interview Appellant's stepfather, his mother, or his then common law wife in preparation for the sentencing hearing. The hearing was important. The charge was a first degree felony. Accordingly, Appellant could have been given a life sentence. *See* TEX. PENAL CODE ANN. §§ 29.03, 12.32 (Vernon 2003). On the other hand, Appellant asked the court to defer adjudication of his guilt and place him on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp. 2008).

Appellant presented his own testimony during the hearing on the motion for new trial along with the testimony of his stepfather, his mother, his wife, and his trial counsel. Trial counsel admitted that he did not investigate Appellant's family or present their testimony. It was his opinion

---

[1] In *Charles*, the court noted that a trial court could not comment on the evidence when ruling on a motion for new trial. *Id*. at 213. The rule forbidding the trial court to comment on the evidence, Rule 21.8(b), Texas Rules of Appellate Procedure, has been amended, and a trial court may now make factual findings. *See State v. Morales*, 253 S.W.3d 686, 691 n.7 (Tex. Crim. App. 2008). The trial court did not make factual findings in this case.

that the outcome of the case would depend on the presentation that Appellant was able to make to the trial court.

Counsel was not unaware that Appellant had family members who could testify, but he articulated reasons for not calling them. One reason was that Appellant had been convicted, or adjudicated as a juvenile (the record is not clear), of assaulting his stepfather. Additionally, Appellant was convicted of assaulting the mother of his child and was placed on community supervision for that offense weeks before he committed this robbery.[2]

**Analysis**

When evaluating claims that counsel rendered ineffective assistance of counsel, we often begin by assessing whether counsel's performance fell below professional norms. *See **Strickland***, 466 U.S. at 690–91, 104 S. Ct. at 2066; ***Dillon v. State***, No. 12-06-00135-CR, 2007 Tex. App. LEXIS 9339, at *7 (Tex. App.–Tyler Nov. 30, 2007, pet. ref'd) (mem. op. not designated for publication). However, in this case, an evaluation of the second prong of the ***Strickland*** analysis, the prejudice prong, is dispositive. *See*, *e.g.*, ***McFarland***, 928 S.W.2d at 501-02.

The evidence that Appellant offered and argues his trial counsel should have presented at his sentencing hearing does not convince us that the result would have been different nor does it undermine our confidence in the result. There are two main reasons for this conclusion. First, the original sentencer, the trial court, passed on the evidence offered by Appellant at the motion for new trial hearing and determined that he was not entitled to relief. Second, the evidence is not particularly persuasive. Much of the evidence is conclusory. For example, Appellant's counsel asked Appellant's mother the following questions:

> Do you think that you could have shed some light on some of [Appellant's] past troubles with the law?
>
> Do you think you could have shed some light on his relationship with his child?
>
> Do you think you could have shed some light on his relationship with his now wife and his stepchildren?

She responded in the affirmative to those questions and to the question of whether she thought the

---

[2] Appellant argued to the trial court that he was not formally on community supervision because he was placed on supervision in another county and his home county had not yet notified him that his supervision had been transferred to it.

answers to those questions would be "something that a judge would like to consider in figuring out how to handle this case." This kind of testimony does not show prejudice. It is a litigant's obligation to actually show the evidence that was not developed or presented. *See King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) ("Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony.").

In his brief, Appellant argues that counsel could have presented evidence of the support Appellant provided for his then common law wife, evidence about Appellant's assault of his stepfather, and the fact that he attended a religious school. Much of this evidence was presented at the original sentencing hearing. Additionally, as trial counsel anticipated, the testimony Appellant presented at the motion for new trial hearing devolved into a discussion about Appellant's assault on his stepfather and the fact that he had recently been placed on probation for assaulting the mother of his child. Furthermore, the supplemental testimony may have made Appellant's situation worse. Specifically, Appellant testified at the sentencing hearing that he attended and played college basketball at Sam Houston State University. His stepfather testified that Appellant did not attend or play basketball at Sam Houston State University. In sum, the evidence that Appellant presented at the motion for new trial hearing was not the kind of showing that causes a lack of confidence in the sentencing verdict.

By way of a contrasting example, the Supreme Court found overlooked evidence that a defendant in a death penalty case had "experienced severe privation and abuse in the first six years of his life while in the custody of his alcoholic, absentee mother," had "suffered physical torment, sexual molestation, and repeated rape during his subsequent years in foster care," and had been homeless and had diminished mental capacities to be sufficient evidence to cause a lack of confidence in the verdict. *See Wiggins v. Smith*, 539 U.S. 510, 534–35, 123 S. Ct. 2527, 2542, 156 L. Ed. 2d 471 (2003); *see also Rompilla v. Beard*, 545 U.S. 374, 391–92, 125 S. Ct. 2456, 2468–69, 162 L. Ed. 2d 360 (2005). In another contrasting example, the court in *Milburn* found that the failure to present twenty witnesses who would have testified that the defendant was a good father to a child with special needs and was an outstanding employee was prejudicial in a delivery of cocaine case. *See Milburn v. State*, 15 S.W.3d 267, 271 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

This case differs from *Milburn* in several important respects. First, *Milburn* was a delivery

of cocaine case. In this case, Appellant pointed a gun at the head of a woman caring for her small child, cocked the hammer, and took her purse, terrifying her to the point that she lost control of her bladder. Second, the evidence not presented in *Milburn* was more powerful and less contradictory than the evidence Appellant has brought forward here. Third, trial counsel in *Milburn* offered no mitigating evidence at all and gave what the court termed a "brief, benign closing argument to the jury." *Id*. at 270. By contrast, Appellant's counsel offered evidence and attempted to persuade the trial court to suspend Appellant's sentence. Finally, the court in *Milburn* noted that its conclusion that the mitigation evidence would have "favorably influenced the jury's assessment of punishment" was "sheer speculation" on the court's part. *Id*. at 271. This kind of speculation is part of the process of evaluating such claims. But we need not speculate in this case because, as we noted above, the same arbiter of the sentence passed on the question of whether Appellant was prejudiced by not having the additional evidence at the original sentencing hearing. We review the question of prejudice de novo, but the trial court could have granted relief if it concluded that counsel should have presented the evidence that Appellant brought forward at the motion for new trial hearing.

The trial court's implicit conclusion that counsel's representation was not ineffective, or that the result of the proceeding would not have been different but for counsel's performance, is supported by the record. The trial court did not abuse its discretion, and we hold that Appellant did not show that he suffered any prejudice from what he alleges was trial counsel's ineffective assistance of counsel. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.


    **JAMES T. WORTHEN**
Chief Justice


Opinion delivered April 22, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


5