Opinion issued November 18, 2010

 

                                                



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 
01-09-00687-CR

————————————

MICHAEL RAY RIVERA, Appellant

V.

The State of Texas, Appellee

 

 



On Appeal from 262nd District Court

Harris County, Texas

Trial Court Cause No. 1099353

 

 



MEMORANDUM
OPINION

          Appellant, Michael Ray Rivera, pleaded guilty
to robbery and the trial court assessed punishment at four years’ deferred
adjudication community supervision and a $300 fine.  See Tex. Penal Code Ann. § 29.02 (Vernon
2003).  After violating the terms of his community
supervision, the trial court adjudicated appellant’s guilt and assessed
punishment at 15 years’ confinement in the Texas Department of Criminal Justice
Institutional Division.  Appellant raises
two issues on appeal: (1) he received ineffective assistance of counsel; and
(2) his punishment violated his constitutional rights against cruel and unusual
punishment.  We affirm.  

Background

          Appellant
pleaded guilty to robbery with bodily injury. 
On the State’s recommendation, the trial court ordered deferred
adjudication community supervision for appellant and a $300 fine.  Two years later, the State filed a motion to
adjudicate guilt because appellant violated his community supervision by
testing positive for marijuana and failing to pay several fines.  The trial court ruled to continue appellant’s
deferred adjudication.  Four months after
his reinstatement, appellant set a truck on fire after an accomplice covered it
in gasoline.  Appellant confessed to
arson and the State filed a second motion to adjudicate guilt.  

The trial
court conducted a hearing on the motion. 
During the guilt phase, appellant testified that he regretted his
actions and fully cooperated with police. 
Neither the State nor appellant gave closing argument at the guilt phase
and the trial court found the allegation of arson to be true.  Both parties agreed that the evidence
presented at the guilt phase should be considered at punishment and no
additional punishment evidence was presented. 
At closing, the State asked for a minimum of eight years and appellant
emphasized his remorse and cooperation with law enforcement.  The trial court assessed punishment at 15
years’ confinement.  

Ineffective
Assistance of Counsel

Appellant
contends he received ineffective assistance of counsel for three reasons: (1)
counsel waived closing arguments at the guilt stage of his hearing; (2) counsel
failed to present mitigating punishment evidence; and (3) counsel failed to
object to the 15 year sentence as cruel and unusual punishment.  

Standard
of Review

To show ineffective assistance of
counsel, a defendant must demonstrate both (1) that his counsel’s performance
fell below an objective standard of reasonableness; and (2) that there is a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S.
Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to establish both
of these prongs by a preponderance of the evidence, and a failure to make
either showing defeats an ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  We presume that counsel’s
conduct falls within the wide range of reasonable professional assistance, and
we will find counsel’s performance deficient only if the conduct is so
outrageous that no competent attorney would have engaged in it.  Andrews, 159 S.W.3d at 101.

We cannot speculate beyond the record
provided, so any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999); see Anderson v. State, 193
S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  Because
the record is usually underdeveloped, direct appeal is often an inappropriate
forum in which to bring this type of claim because the reasonableness of
counsel’s decisions often involves facts not appearing in the appellate record.  Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App.
2003); Thompson, 9
S.W.3d at 813–14.  Therefore, it is
critical that the defendant obtain the necessary record in the trial court to
rebut the Strickland presumption that counsel’s conduct was strategic.  Thompson, 9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d).  This
kind of record is best developed in a hearing on a motion for new trial or by
application for a writ of habeas corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); McCullough, 116
S.W.3d at 92.

Analysis

Appellant first argues his counsel
was deficient for waiving closing argument at the guilt stage of his trial.  An appellant on deferred adjudication cannot
appeal the trial court’s decision to adjudicate guilt, but can appeal aspects
of the punishment phase of the hearing.  Kirtley v. State, 56 S.W.3d 48, 51 (Tex.
Crim. App. 2001) (citing Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992)). 
Appellant’s claim of ineffective assistance of counsel is therefore
limited to the punishment phase after the adjudication of guilt.  Kirtley,
56 S.W.3d at 51-52.  We therefore cannot
address counsel’s failure to present closing argument at the guilt stage.

Appellant next argues his counsel was
deficient for failing to present mitigating witnesses at the punishment
phase.  Appellant relies on Milburn v. State, 15 S.W.3d 267 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d), which held counsel provided
ineffective assistance by failing to bring mitigating evidence at the
punishment stage of trial.  Counsel in Milburn testified at a motion for new
trial hearing that he neither investigated nor evaluated any punishment
evidence.  Milburn, 15 S.W.3d at
270.  The parties also stipulated that 20
witnesses would have testified positively for the defendant.  Id.
at 269.  The facts in Milburn are distinguishable here.  The record is silent as to mitigating
evidence and appellant points to no available witnesses or evidence that should
have been presented.  Milburn therefore does not apply and
this Court cannot speculate where the record is silent.  See
Anderson, 193 S.W.3d at 39. 

Finally, appellant argues counsel was
deficient for failing to object to his 15-year sentence as cruel and unusual
punishment.  He contends his sentence was
disproportionate to his crime because the State asked for eight years.  To show ineffective assistance for failing to
object, appellant must show that if his counsel had objected the trial court
would have erred in overruling the objection. 
Jacoby v. State, 227 S.W.3d
128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  Punishment assessed within the statutory
limits is generally not cruel and unusual punishment.  Id.
 The appellate court should defer to the
legislature’s determination of statutory ranges.  Id.
at 132. 
However, a punishment must be in proportion to the crime even if
assessed within the statutory range.  Solem v. Helm, 463 U.S. 277, 290, 103 S.
Ct. 3001, 3009 (1983); Ajisebutu v. State,
236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d); Jacoby, 227 S.W.3d at 132.  In determining proportionality, the appellate
court should consider, “(i) the gravity of the offense and the harshness of the
penalty; (ii) the sentences imposed on other criminals in the same
jurisdiction; and (iii) the sentences imposed for commission of the same crime
in other jurisdictions.”  Solem, 463 U.S. at 292, 103 S. Ct. at
3011; Ajisebutu, 236 S.W.3d at 314; Jacoby, 227 S.W.3d at 132.    

Robbery is a second degree felony
with a statutory punishment range of two to 20 years.  See Tex. Penal Code Ann. §§ 12.33(a) (Vernon Supp. 2010), § 29.02
(Vernon 2003).  The trial court assessed
punishment within the statutory range, so appellant’s sentence is presumptively
not cruel and unusual.  Appellant also
fails to present any evidence why 15 years is disproportional to his crime
under the first prong of Solem.  He points to the fact that the State asked
for eight years and appellant received 15 years, but he does not discuss the
gravity of the offense or the harshness of the penalty.  See Jacoby, 227 S.W.3d at 132.  For
the second and third prongs of Solem,
he makes the blanket assertion that the record reflects evidence as to sentences
imposed for similar offenses in Texas and other jurisdictions.  The record, however, contains no reference to
any sentence in any jurisdiction.  The
trial court assessed punishment within the statutory range and appellant failed
to adequately brief the proportionality issue under the Solem test.  See Tex.
R. App. P. 38.1(h).  Appellant has
failed to show his counsel was ineffective and we overrule his first
issue.  

Cruel and Unusual
Punishment

Appellant argues his 15 year sentence
constitutes cruel and unusual punishment because the State only asked for a
minimum of eight years’ confinement.  A
defendant must make a timely request, objection, or motion and receive an
adverse ruling to preserve cruel and unusual punishment on appeal.  See Curry
v. State, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995).  Appellant neither objected at sentencing nor
raised the issue in a motion for new trial. 
Nothing was preserved for appellate review and we overrule appellant’s
second issue.  

Conclusion

          We affirm the judgment of the trial
court.  

 

 

                                                          Sherry
Radack                                                                                                      Chief Justice 

 

Panel consists of Chief Justice
Radack, Justice Massengale, and Justice Nuchia.[1]

Do not publish.   Tex. R. App. P. 47.2(b).

 

 











[1]           The Honorable Sam Nuchia, Senior Justice,
Court of Appeals for the First District 

of Texas, participating by assignment.