**Kim Allen MILBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00260–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 16, 2000.

Rehearing Overruled April 13, 2000.

Brian W. Wice, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and EDELMAN.

## OPINION ON REMAND

LESLIE BROCK YATES, Justice.

A jury convicted Appellant, Kim Allen Milburn, of the first degree felony offense of possession of 400 grams or more of cocaine, with intent to deliver. The jury sentenced appellant to forty years' imprisonment and assessed a fine of $75,000. On original submission, this court found that appellant received ineffective assistance of counsel at the punishment phase of trial and we remanded the case for a new punishment hearing. *See Milburn v. State,* 973 S.W.2d 337 (Tex.App.-Houston [14 th Dist.] 1998), *vacated and remanded,* 3 S.W.3d 918 (Tex.Crim.App.1999). Because our previous opinion did not analyze whether counsel's errors at the punishment phase were so prejudicial as to deprive appellant of a fair trial, the Court of Criminal Appeals remanded this case to us for the sole purpose of performing such an analysis in light of its decision in *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim. App.1999). *See Milburn v. State,* 3 S.W.3d 918, 919 (Tex.Crim.App.1999).

### STANDARD OF REVIEW

In *Hernandez*, the Court of Criminal Appeals overruled it decision in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980). *See* 988 S.W.2d at 772–74. We now apply the same two-prong *Strickland* standard of review for ineffective assistance of counsel claims in both the guilt/innocence phase of trial and the punishment phase of trial. *See id.*

First, the appellant must demonstrate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). Counsel's competence is presumed, and the appellant must rebut this presumption by identifying the acts or omissions of counsel that are alleged as ineffective and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland*, 928 S.W.2d at 500. An ineffectiveness claim cannot be demonstrated by isolating any portion of counsel's representation, but is judged on the totality of the representation. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065.

Second, the appellant must establish counsel's performance was so prejudicial, it deprived appellant of a fair trial. *See id.* at 691, 104 S.Ct. at 2066. To satisfy this prong, appellant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068. Reasonable probability means a probability sufficient to undermine confidence in the outcome. *See id.*, 104 S.Ct. at 2068. An appellant need not show, however, that counsel's deficient performance more likely than not altered the outcome of the case. *See id.*

### DISCUSSION

"The sentencing stage of any case, regardless of the potential punishment, is 'the time at which for many defendants the most important services of the entire proceeding can be performed.'" *Vela v. Estelle*, 708 F.2d 954, 964 (5 th Cir.1983), *cert. denied*, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984). Where the potential punishment is life imprisonment, as in the instant matter, the sentencing proceeding takes on added importance. *See id.*

### First Prong of Strickland—*Objective Standard of Reasonableness*

In our previous opinion, we found that appellant's trial counsel was ineffective by failing to investigate and interview potential punishment witnesses, despite the availability and willingness of several of appellant's relatives, friends and co-workers to testify on his behalf. *See Milburn*, 973 S.W.2d at 343. At the hearing on the motion for new trial, the parties stipulated to the testimony of twenty of appellant's relatives and friends. *See id.* They stipulated that each witness would have testified they had known appellant for a long period of time, they were never contacted to testify by any member of appellant's defense team, they would have testified had they been requested to, and they would have asked the jury to consider the minimum punishment. *See id.* The parties further stipulated that the potential witnesses knew appellant was previously placed on probation for an offense committed in Louisiana and that this knowledge would not have affected their testimony. *See id.*

At the hearing on the motion for new trial, appellant's fiancée testified that she was never contacted by appellant's lawyer about testifying at the punishment phase of trial. *See id.* She stated that she and appellant have a young daughter with severe medical problems and that appellant was a good father and very active in raising their daughter. *See id.* Appellant's employer testified that he has known appellant for fifteen or sixteen years and had employed appellant as a property manager

on a part-time basis for over a year. *See id.* He further stated that appellant was an outstanding employee and had he been contacted by appellant's attorney, he would have been willing to so testify. *See Milburn,* 973 S.W.2d at 343.

Appellant's trial counsel also testified at the motion for new trial hearing. He attributed his failure to interview or call any witnesses during the punishment stage to trial strategy. Counsel explained that in his experience juries don't generally place much weight on the testimony of family members. We rejected the argument that, in this case, the failure to call witnesses at the punishment stage could be considered sound trial strategy. *See Milburn,* 973 S.W.2d at 344. We noted that counsel can only make a reasonable decision to forego presentation of mitigating evidence after evaluating available testimony and determining that it would not be helpful. *See id.* at 345–46. Here, counsel admitted he had neither investigated nor evaluated available punishment evidence. As a result of counsel's lack of preparation, we concluded that the jury had no mitigation evidence before it to offset appellant's probation record, the prosecutor's argument that appellant had abused the legal system and had not been rehabilitated, and his recommendation of thirty years' imprisonment. *See id.* at 346. Accordingly, we held that the first prong of *Strickland* had been met by showing that trial counsel's performance at the punishment phase of appellant's trial fell below the professional norm of reasonableness. *See id.*

### Second Prong of Strickland—*Prejudicial Impact of Counsel's Errors*

■ In light of *Hernandez,* ineffective assistance of counsel errors that occur during the punishment phase of trial are now eligible for review under the second prong of *Strickland. See Hernandez,* 988 S.W.2d at 772–74. Therefore, in this case, we must now determine the prejudicial impact of appellant's trial counsel's deficient performance. In other words, we must determine whether there is a reasonable probability that the jury's assessment of punishment in this case would have been less severe in the absence of counsel's deficient performance. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

During the punishment phase of trial, appellant's trial counsel presented no evidence of mitigation on appellant's behalf. After the State concluded its presentation of testimony and evidence to the jury showing appellant's bad character, appellant's trial counsel responded, "We're not going to put anything on." His trial counsel then presented a brief, benign closing argument to the jury. The State's closing argument to the jury lasted significantly longer, sharply focused the jury's attention on appellant's prior conviction for possession of cocaine, argued that appellant was virtually incapable of rehabilitation because of his prior conviction, and pleaded for a prison sentence of thirty years and a $50,000 fine. However, the jury, hearing no favorable character or otherwise mitigating evidence, returned a sentence in *excess* of that requested by the State. It sentenced appellant to forty years' imprisonment and assessed a $75,000 fine.

■ The sentencing process consists of weighing mitigating and aggravating factors, and making adjustments in the severity of the sentence consistent with this calculus. *See Vela,* 708 F.2d at 965. In this case, appellant's trial counsel presented no evidence of mitigating factors for the jury to balance against the aggravating factors presented by the State. Indeed, appellant's trial counsel performed no investigation into any possible mitigating factors and failed to contact even a single family member or friend, despite the availability of such mitigation evidence. As noted in our discussion of the first prong of *Strickland* in our previous opinion, there were no fewer than twenty witnesses available to testify on appellant's behalf. These witnesses would have testified that, *inter alia,* appellant was a good father to a child of special needs and that he was an

outstanding employee. *See Milburn,* 973 S.W.2d at 343. This evidence would have provided some counterweight to evidence of bad character which was in fact received by the jury *See Blake v. Kemp,* 758 F.2d 523, 535 (11 th Cir.1985), *cert. denied,* 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985).

■ We find it a close question in this case whether appellant was constructively denied any defense at all in the penalty phase of trial. *See, e.g., id.* Clearly, appellant would have been prejudiced if the trial court had not permitted him to put on mitigating evidence at the penalty phase, no matter how overwhelming the State's showing of aggravating circumstances. *See id.* "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. "Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." *Id.,* 104 S.Ct. at 1067.

In any event, we find that appellant has demonstrated prejudice in this case, even though it is sheer speculation that character witnesses in mitigation would have in fact favorably influenced the jury's assessment of punishment. *See Pickens v. Lockhart,* 714 F.2d 1455, 1467 (8 th Cir.1983). Counsel's lack of effort at the punishment phase of trial deprived appellant of the possibility of bringing out even a single mitigating factor. Mitigating evidence clearly would have been admissible. The jury would have considered it and possibly been influenced by it. *See id.*

We conclude that a reasonable probability exists that appellant's sentence would have been less severe had the jury balanced the aggravating and mitigating circumstances, particularly in light of the fact that the jury ultimately sentenced appellant to a term of imprisonment in excess of that requested by the State.[1] Therefore, appellant has shown that he was actually and substantially prejudiced by his trial counsel's complete failure to search out and present any mitigating character evidence. *See, e.g., Blake,* 758 F.2d at 534–35; *Ex parte Felton,* 815 S.W.2d 733, 737 n. 4 (Tex.Crim.App.1991).

We reverse the judgment of trial court and remand the case for a new punishment hearing pursuant to article 44.29(b) of the Texas Code of Criminal Procedure. *See*

---

1. Several courts have reached the same result under similar circumstances. *See Dobbs v. Turpin,* 142 F.3d 1383, 1389–91 (11 th Cir. 1998) (counsel's complete failure to investigate and present any mitigating evidence at the punishment phase was prejudicial where such evidence was available); *Smith v. Stewart,* 140 F.3d 1263, (9 th Cir.1998), *cert. denied,* 525 U.S. 929, 119 S.Ct. 336, 142 L.Ed.2d 277 (1998) (counsel's complete failure to investigate and present any mitigating evidence at the punishment phase was prejudicial where such evidence was available); *Austin v. Bell,* 126 F.3d 843, 848 (6 th Cir. 1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998) (failure to present mitigation evidence was prejudicial where several relatives, friends, death penalty experts, and a minister were available to testify was an abdication of advocacy); *Hall v. Washington,* 106 F.3d 742, 749 (7 th Cir. 1997), *cert. denied,* 522 U.S. 907, 118 S.Ct. 264, 139 L.Ed.2d 190 (1997) (holding defense counsel's performance ineffective and prejudicial at sentencing where he failed to make a significant effort, based on reasonable investigation and logical argument, to ably present the defendant's fate to the jury and to focus the attention of the jury on any mitigating factors); *Glenn v. Tate,* 71 F.3d 1204, 1207 (6 th Cir.1995), *cert. denied,* 519 U.S. 910, 117 S.Ct. 273, 136 L.Ed.2d 196 (1996) (defendant's lawyers inadequate preparation for sentencing phase was prejudicial where they did not acquaint themselves with defendant's social history, never spoke to any of his numerous brothers and sisters, never examined his medical records, or talked to his probation officer); *Tucker v. Day,* 969 F.2d 155, 159 (5 th Cir.1992) (prejudicial impact where counsel failed to provide any assistance at a sentencing hearing, stating, "I'm just standing in for this one"); *Kubat v. Thieret,* 867 F.2d 351, 367 (7 th Cir.1989), *cert. denied,* 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989) (substandard argument and the presentation of no evidence was prejudicial where fifteen character witnesses were available to testify at the sentencing hearing; and it amounted to no representation at all).

Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Pamph.2000).

RICHARD H. EDELMAN, Justice, concurring.

Although I agree with the remainder of the majority opinion, I disagree with its suggestion that this is almost a case in which prejudice could be presumed. As the majority opinion correctly reflects, the failure to investigate, interview witnesses, and call witnesses to testify was prejudicial expressly because witnesses existed who could and would have provided testimony favorable to appellant's case. Had that not been established, harm would not have been demonstrated and could not have been presumed. Because a presumption of prejudice thus has no application to this case, the allusion to one in the majority opinion risks either discounting the importance of the prejudice prong or confusing a presumption of prejudice with a showing of it. Either way, an incorrect impression is conveyed.