Affirmed and Memorandum Opinion filed February 26, 2008








Affirmed and Memorandum Opinion filed February 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00691-CR

_______________

 

JOSE LUIS GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1055624

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

A jury convicted Jose Luis Garcia of
aggravated sexual assault of a child younger than fourteen years of age and
assessed his punishment at 13 years confinement.  In his sole issue on appeal,
appellant argues he was denied effective assistance of counsel at the
punishment phase of the trial because his counsel argued that imprisonment was
light punishment when compared to community supervision.  We affirm.

 

 

 








Ineffective Assistance of Counsel

Appellant does not challenge the
legal and factual sufficiency of the evidence in this case, and he admits to
having sexually assaulted his stepdaughter.  Appellant acknowledges in his
brief that Athe evidence plainly was sufficient, both legally and factually@ and that his Aguilt was obvious, and the only real
question was what the punishment should be.@ Therefore, the facts will be
discussed only as necessary to address appellant=s single complaint on appeal.  

Appellant contends that he was denied
effective assistance of counsel when his trial counsel sought to persuade the
jury to place him on community supervision by arguing that imprisonment would
be less onerous than having to face public humiliation while living in the
general population outside of prison.

To prevail on an ineffective
assistance claim, appellant must show that: (1) his trial counsel=s performance fell below an objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for the error, the result of the proceeding would have been different.  Wiggins
v. Smith, 539 U.S. 510, 521, 534 (2003); Garza v. State, 213 S.W.3d
338, 347-48 (Tex. Crim. App. 2007); Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999) (applying Strickland standard at punishment
phase of non‑capital trial).  With respect to the second prong, we
determine whether there is a reasonable probability that the jury=s assessment of punishment would have
been less severe in the absence of counsel=s deficient performance.  Milburn
v. State, 15 S.W.3d 267, 270 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellate review of trial
counsel=s representation is highly
deferential and presumes that counsel=s actions fell within the wide range
of reasonable and professional assistance.  Garza, 213 S.W.3d at 348. 








If the reasons for counsel=s conduct at trial do not appear in
the record and it is at least possible that the conduct could have been
grounded in legitimate trial strategy, we will defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal.  Id.  To warrant reversal
where trial counsel has not been afforded an opportunity to explain those
reasons, the challenged conduct must be so outrageous that no competent attorney
would have engaged in it.  Roberts v. State, 220 S.W.3d 521, 533‑34
(Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 282 (2007).  A vague,
inarticulate sense that counsel could have provided a better defense is not a
legal basis for finding counsel constitutionally deficient.  Bone v. State,
77 S.W.3d 828, 836 (Tex. Crim. App. 2002). 

Appellant points to the following
statements made by his trial counsel in arguing that his counsel=s conduct was outrageous, and that no
competent attorney would have engaged in it:

Don=t send him off
to the penitentiary to a cell somewhere where he doesn=t have to face the reality of what he=s done.  That=s
an escape.  That=s vacation.  That=s a
getaway.  Go off to the penitentiary, you sit there, you get your three square
meals a day, do some work in the body shop and you=re going to go to bed.  I don=t know, that doesn=t
sound so bad in some circles.

*                                  *                                  *

Penitentiary is mild.  They give you three square
meals a day.  You get a gym.  You get to work out.  You do all that good
stuff.  You get to work.  You get to forget your troubles when you go in
there.  You may even make a few friends.  But out here you will have no friends
because in society that conduct is not tolerated.  Out here he=s got to walk around every day with his head down. 
That=s punishment.

 








Appellant asserts that this argument
is so deficient as to be constitutionally unacceptable.  We disagree. 
Appellant has cited to no authority, and we have found none, establishing that
an argument of this nature constitutes unreasonable conduct.[1] 
Even if this argument is characterized as weak or unsuccessful, it cannot be
called outrageous.  In determining whether counsel was ineffective, we consider
the totality of the representation and the particular circumstances of the
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Here, trial counsel argued that it
would be difficult for appellant to face society as a registered sex offender
and to admit that he is a child molester.  Counsel argued that appellant would
not be able to live wherever he chooses because neighborhoods exclude registered
sex offenders.  Counsel further argued that appellant would be isolated, would
be unable to see or contact his children, and could not be a father to them. 
While on community supervision, appellant could observe other families with
children and be reminded of his loss.

Appellant=s counsel also reminded the jury that
appellant=s family would be without income if he went to prison, and that appellant
could at least take care of his family financially if allowed to remain out of
prison.  Counsel called appellant=s employer, who assured the jury that
he would continue to employ appellant if the jury assessed community
supervision. 

Considering the totality of trial
counsel=s representation, we do not find his
performance to be constitutionally deficient.  But even if we were to conclude
otherwise, appellant cannot show a reasonable probability that his punishment
would have been less severe.  

The jury convicted
appellant of aggravated sexual assault of a child, which is a first degree
felony carrying a punishment range from five to 99 years.  See Tex.
Penal Code Ann. ' 12.32 (Vernon
2003); ' 22.021(e) (Vernon
Supp. 2007).  The State argued that the appropriate punishment should be imprisonment
for the rest of appellant=s natural life.  The State asked the jury
to assess appellant=s punishment at no less than 45 years
confinement. The jury assessed his punishment at 13 years confinement, which
represents the lower end of the punishment range.








In addition, when appellant first
took the stand, he admitted having sex with his stepdaughter and appeared
apologetic and remorseful.  However, he soon claimed that he was not sure he
raped her; that he was Ajust still thinking about it@; that he was not sure if he Aintroduced [his] penis into her
vagina@; and that his penis accidently
touched her vagina.  Appellant also stated that his stepdaughter was lying when
she testified during the guilt-innocence phase of the trial that appellant
started sexually assaulting her when she was seven years old.  

In light of the record before us,
appellant cannot show there is a reasonable probability that the jury would have
assessed community supervision.

Conclusion

We conclude that
appellant was not denied effective assistance of counsel at the punishment
phase of trial.  We overrule appellant=s sole issue and
affirm the trial court=s judgment. 

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed February 26, 2008.

Panel consists of Chief Justice
Hedges, and Justices Anderson and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 

 

 

 









[1]           Two Missouri cases have held that a similar
argument strategy did not constitute ineffective assistance of counsel.  State
v. Hamilton, 791 S.W.2d 789, 797 (Mo. Ct. App. 1990) (expressing contempt
for client, calling him a jerk and a fool, was a legitimate attempt at reverse
psychology and was not considered ineffective assistance of counsel); see
also State v. Foster, 838 S.W.2d 60, 70 (Mo. Ct. App. 1992) (calling client
a Alowlife,@ Acreep,@ and Apervert@
when defendant was an admitted pedophile and had two prior sexual abuse
convictions was a legitimate trial strategy and not so unreasonable as to
constitute ineffective assistance of counsel).