NO. 07-11-00172-CR; 07-11-00173-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2012

_____

JAMES CARROLL MEEKS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,219-B, 20,538-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James Carroll Meeks, appeals the trial court's judgments of conviction for assault and the resulting ten and five-year sentences, respectively and running consecutively. On appeal from his adjudication of guilt for said offenses, he contends that trial counsel rendered ineffective assistance of counsel. We will affirm.

Factual and Procedural History

Appellant was placed on deferred adjudication community supervision in 2007 following an agreement with the State by which he would plead guilty to allegations of

felony assault[1] of his wife in exchange for deferred adjudication community supervision for two years. In 2009, appellant was indicted for a second felony assault of his wife. As a consequence of this second assault, the State moved the trial court to proceed to adjudication of guilt with respect to the first charge of assault. Following a hearing on the State's motion and the subsequent assault allegations, the trial court deferred adjudication on the second charge of assault as well and extended appellant's deferred adjudication community supervision to a period of four years, with the added condition that appellant enter the SAFPF program.

In 2010, appellant was arrested for DWI. Based on this DWI offense and other allegations of failing to abide by the terms of his deferred adjudication community supervision, the State moved the trial court to adjudicate appellant guilty of the two felony assault offenses. Following a hearing on that motion, the trial court found appellant guilty of said offenses, sentenced appellant to a ten-year sentence with respect to the 2007 assault and a five-year sentence with respect to the 2009 assault, and ordered that the sentences be served consecutively. Appellant timely perfected appeal to this Court and now contends that retained defense counsel rendered ineffective assistance by failing to properly communicate with appellant before and during the hearing on the State's motion to proceed to adjudication.

Applicable Law and Standard of Review

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; <u>Strickland v.</u>

---

[1] <u>See</u> TEX. PENAL CODE ANN. § 22.01 (West 2011).

Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in Strickland, 466 U.S. at 687. See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. An appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. Freeman v. State, 125 S.W.3d 505, 511 (Tex.Crim.App. 2003). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. See id.

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." Robertson v. State, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006) (quoting Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984)). This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. See Ingham, 679 S.W.2d at 509. "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." Robertson, 187 S.W.3d at 483 (quoting McFarland v. State, 845 S.W.2d 824, 843 (Tex.Crim.App. 1992)). Counsel's performance is judged by "the totality of the

3

representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. Id. The Strickland Court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. Id. (citing Strickland, 466 U.S. at 690).

Analysis

Appellant contends that trial counsel was ineffective in his failure to fully communicate the timing and nature of the proceedings against him. Appellant contends that his pleas of true to the allegations contained in the State's motion were made as a result of his confusion and trial counsel's failure to more effectively communicate the potential consequences of such a plea. Appellant also maintains that, had trial counsel more effectively communicated with him, appellant would have been able to present more evidence regarding the positive changes in his life resulting from a change in his medication and his attendance at AA meetings. Citing Milburn v. State, 15 S.W.3d 267 (Tex.App.—Houston [14th Dist.] pet. ref'd), appellant contends that he was prejudiced by trial counsel's failure to interview potential witnesses and present this mitigating evidence. Appellant takes the position that, had the trial court been able to consider this other evidence, "in all likelihood," it would not have sentenced him to incarceration or would have, at least, imposed a lesser sentence.

At the hearing on the State's motion, trial counsel offered the following in response to the trial court's inquiry if appellant was ready to proceed:

4

No, sir.  At this time it's my understanding is that due to confusion between the communication between the defense attorney and the Defendant, there's been a misunderstanding here about what was going on today, and it's largely due to my fault, because there's a certain amount of problem in communicating because he works out in the field in construction and doesn't have a cell phone with him all the time.  And then – anyway, he didn't realize that he could very well be going away today and he doesn't have his affairs in order to leave, and he wanted a continuance for this – this hearing to get some personal things lined out.  And we would request the Court to take that into consideration, because he is not prepared for this.  I – and it's my fault for not properly being in tighter communication.

In closing argument, trial counsel again noted the possibility that he had not effectively communicated the details of the proceeding to appellant, pointed out the deteriorating attorney-client relationship, and sought leniency:

Your Honor, you've heard the evidence and I'm not going to regurgitate it much, but there is an ongoing family situation here that's going to be drastically affected, and I hope you take that into consideration.  I want to call to the Court's attention that there may very well be a problem here at issue due to my lack of proper communication with the Defendant early strong enough.  He apparently thought we were just discussing part of his problems today, and I – and I've tried to – I thought I told him we were going to handle everything, but this thing has gotten out of hand.  And I know that you're not privy to my conversations and – but it is – it got almost near acrimonious at times and that is not a fault of my client.  That may be part of my fault due to the fact that I assume people may know what I'm talking about.  And rather than specifically going into minutia in detail to make damn sure and be very clear and that – that is a fault of mine.  I mean, in me speaking and someone not understanding it.  But I thought we had a more satisfactory relationship and it's – it's – I don't want it to work against my client.  Thank you, sir.

So, trial counsel admitted to the possibility that appellant did not understand the potential ramifications of the hearing and candidly admitted to the trial court that he could have possibly been clearer and gone into more detail with appellant on those matters.  These representations to the trial court fall short of demonstrating a complete

5

lack of communication or any misstatement of the law by defense counsel to appellant. And, contrary to appellant's contention on appeal, the record suggests that appellant was, indeed, aware of the hearing and understood, to some degree, the nature and purpose of the hearing. After closing arguments and in an attempt to respond to appellant's contentions that he was unaware that the hearing was scheduled, the trial court explained that appellant's wife had been in contact with the court a few days prior to trial in an attempt to continue the proceedings and get a new lawyer for the hearing:

> I would note, too, I know my office had a call from Mr. Meeks'[s] wife indicating that maybe Randy Sherrod might be coming in, and I know Carley informed who she was speaking to that that's not how we do things at the last minute. And so I know there was some – at least some indication of knowledge that – that this hearing was scheduled.

While trial counsel's candid representations to the trial court of his possible shortcomings in communication with appellant are a laudable step to safeguard appellant's rights, to conclude that appellant was denied effective assistance of counsel on the basis that trial counsel would or could have explained matters more thoroughly would be to engage in the speculative, based-on-hindsight review of counsel's representation that we are not permitted to undertake. See Robertson, 187 S.W.3d at 483. Appellant is not entitled to error-free representation. That trial counsel recognizes that he could have communicated more clearly with appellant is insufficient to satisfy the first prong of the Strickland test for ineffectiveness when the record reveals no other indication that trial counsel failed to effectively communicate with appellant.

Even if we were to assume that trial counsel's performance fell below an objective standard of reasonableness, it remains that appellant has failed to

6

demonstrate that trial counsel's errors prejudiced him. That is, under the second prong of Strickland, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Bahr v. State, 295 S.W.3d 701, 710 (Tex.App.—Amarillo 2009, pet. ref'd). Even assuming that the less-than-perfect communication suggested by trial counsel failed to clearly convey that appellant faced the possibility of imprisonment, we note that the record reveals that appellant admitted to the trial court that he had been informed of that possibility on no less than three previous occasions. So, even if appellant were able to demonstrate that trial counsel failed to effectively communicate with him and that such a failure fell below an objective standard of reasonableness per Strickland's first prong, the record of his own admissions that he knew that he could possibly go to prison if his deferred adjudication community supervision was revoked belie his assertion that he was harmed by trial counsel's failure to more clearly communicate with him.

Assuming, too, that trial counsel's failure to take the necessary steps to present more mitigating evidence satisfied Strickland's first prong, appellant again fails to demonstrate that he was prejudiced by this alleged error. In his brief, appellant explains that defense counsel should have presented evidence of positive changes in appellant's life as a result of AA meetings and a change in his medication because such evidence would have, "in all likelihood," persuaded the trial court to not impose a prison sentence or to, at least, impose a lesser one. We note, however, that such a conclusion is untenable in light of the fact that the trial court did, in fact, hear evidence of such a nature from appellant's wife and, nonetheless, sentenced appellant to consecutive ten- and five-year sentences.

So, the instant case stands in stark contrast to the scenario presented in Milburn on which appellant relies and in which trial counsel admittedly failed to investigate or evaluate any source of mitigating punishment evidence and, thus, failed to present any. See Milburn, 15 S.W.3d at 270. Further, appellant fails to outline the source or nature of further evidence of positive changes in appellant's life and fails to demonstrate how the failure to have *more* evidence of these changes lends itself to a reasonable probability that, but for the failure to present more evidence of these positive changes, the sentence imposed would have been a lesser one, especially in light of a record that shows the several opportunities given to appellant and appellant's consistent inability or refusal to benefit from those opportunities by complying with the law. Having concluded that appellant has failed to show by a preponderance of the evidence that defense counsel was ineffective per Strickland, we overrule his sole issue.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgments of conviction.

Mackey K. Hancock
Justice

Do not publish.

8