ACCEPTED
03-15-00385-CR
8150331
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/9/2015 9:11:37 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00385-CR

IN THE COURT OF APPEALS

THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/9/2015 9:11:37 AM
JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CAUSE NO. 72,941

IN THE 27TH JUDICIAL DISTRICT OF

BELL COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KARL LEE WIGGINS                              APPELLANT

VS

THE STATE OF TEXAS                            APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPELLANT'S BRIEF

_____

APPEAL OF JUDGMENT IN CAUSE NO. 72,941
FROM THE 27TH JUDICIAL DISTRICT
OF BELL COUNTY, TEXAS

_____

NO ORAL ARGUMENT REQUESTED

JAMES H. KREIMEYER
ATTORNEY FOR APPELLANT
P.O. BOX 727
BELTON, TEXAS 76513
(254) 939-9393
(254) 939-2870 FAX
T.S.B. #11722000
jkreime@vvm.com

## IDENTITY OF PARTIES AND COUNSEL

**Judge at Trial**:
Hon. John Gauntt
27th Judicial District
P.O. Box 324
Belton, Texas  76513

**Prosecutors**:
Nelson Barnes &
Terry Clark
Asst. District Attorneys
P.O. 540
Belton, Texas 76513

**Defense Attorneys at Hearing**
Joseph Wiener, Jr.
Attorney at Law
P.O. Box 298
Belton, TX 76513

Bob Barina
Attorney at Law
455 E. C.T.Expr. Ste.104
Harker Heights, TX 76548

**Attorney for Appellant**:
James H. Kreimeyer
Attorney at Law
P.O. Box 727
Belton, TX 76513

**Attorney for Appellee**:
Bob Odom
Asst. District Attorney
P.O. Box 540
Belton, Texas  76513

**Appellant**:
Karl Lee Wiggins
TDCJ#02014439
Bill Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

## **TABLE OF CONTENTS**

**PAGE NO.**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . .iii

INDEX OF AUTHORITIES. . . . . . . . . . . . .iv

STATEMENT OF THE CASE. . . . . . . . . . . .1-2

ISSUES PRESENTED. . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . 3-5

SUMMARY OF THE ARGUMENT. . . . . . . . . . . .5

ARGUMENT . . . . . . . . . . . . . . . . . 6-12

PRAYER. . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF COMPLIANCE. . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . .15

# INDEX OF AUTHORITIES

**CASES:**                                           **PAGE NO.**

*Trevino v. Thaler,* 133 S. Ct. 1911, 1913,
185 L. Ed. 2d 1044 (2013). . . . . . . . . . 5–6

*Milburn v. State,* 15 S.W.3d 267, 270
(Tex. App. Houston [14th Dist] 2000,
pet. ref'd.). . . . . . . . . . . . . . . . .7–8

*Torres v. State,* No. 01–95–00862–CR, 2000
WL 1877641(Tex. App. Houston [1st Dist.]
pet. ref'd)(mem. Op., not designated for
publication). . . . . . . . . . . . . . . . 9–11

*Strickland v. Washington,* 446 U.S. 668, 694,
(1984). . . . . . . . . . . . . . . . . . . . 12

**NO.03–15–00385–CR**

**IN THE**

**COURT OF APPEALS**

**THIRD DISTRICT OF TEXAS**

**AT AUSTIN**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**KARL LEE WIGGINS                    APPELLANT**

**VS.**

**THE STATE OF TEXAS                    APPELLEE**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S BRIEF**

**STATEMENT OF THE CASE**

Appellant, KARL LEE WIGGNINS, on March 30, 2015 entered a plea of guilty to the offense of murder. (R.R. IV at 9–10)

On May 28, 2015 the trial court found appellant guilty, and assessed appellant's punishment at life in the Texas Department of Criminal Justice— Institutional Division. (R.R. AV5 at 12)

The trial court denied a motion for new trial on the record at the time of the hearing. (R.R. VI at 53) A supplemental notice of appeal was filed on behalf of appellant on August 5, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUE PRESENTED

Appellant's trial attorneys rendered ineffective assistance of counsel at punishment by not presenting the testimony of the Texas Department of Public Safety Forensic Scientist concerning the malfunction of the quarter-cock safety noted by the scientist during test firing of the alleged murder weapon. (R.R. VI at DX 1)(R.R. VI at 18)

2

## STATEMENT OF FACTS

During a hearing on appellant's motion for new trial, appellant's attorney Joseph C. Wiener was called by appellant. (R.R. VI at 14) A ballistics report from the Texas Department of Public Safety Crime Laboratory, Defendant's Exhibit One, was shown to Mr. Wiener concerning a malfunction of the quarter-cock safety noted during test firing. (R.R. VI at 17)(R.R. VII at Def. Ex. 1) Mr. Wiener acknowledged the safety that was not working properly could have caused the gun to go off accidentally. (R.R. VI at 18)

Co-counsel, Bobby Barina, appointed by the trial court on March 9, 2015 (Cl. R. at 24) testified at the motion for new trial. (R.R. VI at 31) When questioned about the Texas Department of Public Safety (DPS) Crime Laboratory report on the ballistics of the weapon, Barina recalled the State had a gentleman from a local gun shop who testified about testing the weapon for trigger pull. The

3

witness found the trigger pull to be heavy. Mr. Barina agreed he had seen the DPS ballistic report. (Def. Ex. 1) Mr. Barina recalled the gun shop owner called by the State did not have a problem with the safety on the weapon. When asked if he explored getting the DPS expert, Mr. Barina allowed as how that was one of the things Mr. Wiener was to handle. (R.R. VI at 36) Mr. Barina agreed he knew what was in the DPS report and discussed it with Appellant and Mr. Wiener. At that discussion it was apparently decided to look into the report only if the case went to trial. (R.R. VI at 38)

During the punishment hearing on May 28, 2015 the State called David Cheadle, employed at Guns Galore (R.R. V at 10) as manager. There is not a gunsmith employed at the store. Mr. Cheadle does simple repairs. (R.R. V at 11) Mr. Cheadle was brought a weapon, by the district attorney's investigator. The weapon was identified as State's Exhibit 2, a .25 Tangoglio Armalite handgun. (R.R. V

4

at 12)(R.R. VII at State's Ex. 2) Being asked to test the trigger pull of the weapon, Cheadle related the trigger pull on State's Ex. 2 was not a hair trigger [3½ pounds]. (R.R. V at 13) The tested trigger pull on State's Ex. 2 was 7¼ pounds. (R.R. V at 15) When examined by appellant, Cheadle related he had not been made aware of the safety problem found by the DPS lab and was only testifying about the trigger pull. (R.R. V at 16)

## **SUMMARY OF THE ARGUMENT**

By not presenting to the trial court the evidence of the Texas Department of Public Safety scientist's conclusions concerning the firearm alleged to have been used, trial counsel for appellant rendered ineffective assistance of counsel at the punishment phase of appellant's plea of guilty.

**ARGUMENT**

In argument on the motion for new trial, it was conceded by appellant that counsel was ineffective, had not be shown. This illustrates the problem arising from requiring a motion for new trial before the appellate record is available; as pointed out by the Supreme Court of the United States in Trevino v. Thaler. In Trevino, the Supreme Court noted: Texas procedures make it nearly impossible for an ineffective-assistance-of-trial-counsel claim to be presented on direct review. The nature of an ineffective-assistance claim means that the trial record is likely to be insufficient to support the claim. And a motion for a new trial to develop the record is usually inadequate because of Texas rules regarding time limits on the filing, and the disposal, of such motions and the availability of trial transcripts. *Trevino v. Thaler,* 133 C. Ct. 1911, 1913, 185 L. Ed. 2d 1044 (2013)

Had appellant known of the trigger pull issue at the motion for new trial hearing, a better record could have been made concerning the firearm alleged to have been the instrumentality causing the death of the complainant. The trial attorneys could have been questioned more thoroughly about the fact the trial attorneys for appellant did not obtain and present the evidence of the DPS Crime Lab expert to explain the safety problem and determine the accuracy of the trigger pull evidence from the gun store manager.

Appellant cannot question the effectiveness of entering a plea of guilty or the finding of guilty by the trial court. The issue is: Were his trial attorneys ineffective by not securing the testimony and opinions of the DPS Crime Lab firearms expert to counteract the testimony of the gun store manager?

When asked about this testimony, Mr. Barina deferred to his co-counsel. (R.R. VI at 37) Mr. Barina's only explanation concerning the DPS Crime

7

Lab report was, basically, if there was not a plea, then a request for additional time would be made. This conversation was on March 30, 2015. The punishment hearing in May of 2015 was where the issue of the trigger pull was stressed by the State as being a conscious effort by appellant to kill the complainant. (R.R. AV5 at 6)

In *Milburn v. State*, 15 S.W.3d 267, (Tex. App. Houston [14ᵗʰ Dist] 2000, pet. ref'd.) Milburn's counsel failed to contact a number of potential favorable witnesses for the punishment phase of Milburn's trial. The Houston Court of Appeals noted the sentencing process consists of weighing mitigating and aggravating factors, and making adjustments in the severity of the sentence consistent with this calculus. In that case, Milburn's trial counsel presented no evidence of mitigating factors for the jury to balance against the aggravating factors presented by the State. Indeed, Milburn's counsel performed no investigation

into any possible mitigating factors and failed to contact even a single family member or friend, despite the availability of such mitigation evidence. *Milburn*, 15 S.W.3d at 270. (Tex. App. 2000)

Although appellant's trial counsel put on some testimony at punishment, nothing was done to rebut the firearm evidence given by the gun store manager. The firearm evidence as to trigger pull was relied upon by the State in the final remarks to the trial court to show evidence of seven (7) pounds of trigger pull to rule out accidental or unintentional firing of the weapon. This was despite the evidence of the victim's common law wife and sister of appellant, Elizabeth Gallagher, that appellant cried: "I didn't mean to do it. I didn't mean to do it." (R.R. V at 35) The testimony of the DPS expert would have injected the issue of the problem with the quarter-cock safety giving consideration of a faulty safety as supporting appellant's not meaning to do it. This evidence was not produced by trial counsel taking

the position that evidence would only have been presented in the event of a trial. (R.R. VI at 38)

The Court's attention is directed to *Torres v. State*, No. 01-95-00862-CR, 2000 WL 1877641 (Tex. App. Houston [1st Dist.] pet. ref'd) (mem. op., not designated for publication). There, Torres and his companion Burnett robbed and shot the victim. The shooting was with a 9mm pistol. Torres maintained he was not the shooter. The pistol attributed to Torres was not the weapon that shot the victim. After an open plea to aggravated robbery, Torres alleged his attorney was ineffective at the punishment phase of his plea because he did not present the ballistic evidence showing Torres' weapon did not fire the shots at the victim. The defense attorney for Torres testified he saw the ballistics report and even discussed it with the prosecutor, but did not think it was relevant because the prosecutor suggested the appellant and Burnett could have switched guns after

10

the shooting, when they drove off in the car together. *Torres*, 2000 WL 1877641, at *4.

In reversing and remanding for a new punishment hearing, the Court of Appeals pointed out: Failure to present mitigating evidence at punishment is ineffective assistance unless counsel made a reasonable decision to forego presentation of mitigating evidence after evaluating available testimony. Even though defense counsel investigated the ballistics evidence, it was unreasonable for him to decide not to present the report at the punishment hearing. This evidence would have helped the Torres' only defense—that he was not the shooter. *Torres*, 2000 WL 1877641, at *4

The same reasoning should be applied to appellant. The fact is, the weapon had a safety problem and the DPS scientist is certainly more qualified to express opinions about firearms than the gun store manager used by the State. Had trial counsel subpoenaed the state firearms expert making

11

the trial court aware of the safety problem with the firearm, the trial court would probably not have seen fit to impose the maximum sentence. When this is coupled with the emphasis put on the trigger pull by the State to show a conscience effort by appellant to kill the complainant, even though appellant immediately after the shot stated he did not mean to do it, a new punishment hearing should be granted appellant.

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668, 694, (1984) Appellant has shown the probability that less than the maximum sentence would have been imposed, if the trial judge had all the mitigating facts before him.

## **PRAYER**

Wherefore, premises considered, appellant prays the Court of Appeals to reverse and remand for a new punishment hearing and for any other relief to which appellant may be entitled.

Respectfully submitted,

/s/ James H. Kreimeyer
James H. Kreimeyer
Counsel for Appellant
P.O. Box 727
Belton, TX 76513
254-939-9393 Fax:939-2870
TSB#11722000
jkreime@vvm.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the length limitations of Texas Rule of Appellate Procedure 9.4(i)(3) because this brief contains 1,613 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1); a number which is less than the 15,000 words allowed under Rule 9.4(i)(2)(B).

I also certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because this brief has been written with a conventional typeface using a 14-point font (with footnotes no smaller than 12-points) using Microsoft Office Word 2010 (version 14), in Courier New font.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER

## CERTIFICATE OF SERVICE TO OPPOSING COUNSEL

This is to certify a true copy of the foregoing Appellant's Brief was furnished to Bob Odom Assistant District Attorney for Bell County, P.O. Box 540, Belton, Texas 76513 on the 9th day of December, 2015.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER

## CERTIFICATE OF SERVICE TO APPELLANT

This is to certify a true copy of the brief, mailed to Appellant, Karl Lee Wiggins, Bill Clements Unit, 9601 Spur 591, Amarillo, TX 79107 on the 9th day of December, 2015.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER