**Affirmed and Majority and Concurring Opinions filed July 12, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00112-CR

---

**JAMIE GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1444798**

---

## CONCURRING OPINION

Though I agree with the court's decision to overrule appellant's ineffective-assistance-of-counsel issue, I write separately to provide a different analysis of this issue and to address text in this court's *Milburn v. State* opinion that suggests an incorrect legal standard.[1]

---

[1] *See Milburn v. State*, 15 S.W.3d 267, 271 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Under his first issue, appellant Jamie Green argues that the trial court abused its discretion in rejecting several ineffective-assistance-of-counsel claims appellant asserted in his motion for new trial. We review the trial court's ruling on a motion for new trial for an abuse of discretion.[2] A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles.[3] When deciding whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's ruling and defer to its credibility determinations.[4] Because we presume that the trial court implicitly made all reasonable factual findings that could have been made in support of its ruling, the trial court abused its discretion only if no reasonable view of the record could support the ruling.[5]

To prevail on one of his ineffective-assistance claims, appellant had to show by a preponderance of the evidence that his trial lawyers'[6] allegedly deficient performance was "'so serious as to deprive appellant of a fair trial, a trial whose result is reliable.'"[7] Appellant also had to establish a reasonable probability that, but for his attorneys' deficient performance, the result of the proceeding would have been different.[8] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[9] To determine whether appellant suffered prejudice due

---

[2] *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* Tex. R. App. P. 21.8(b).

[3] *See id.*

[4] *Id.*

[5] *Id.*

[6] Two lawyers represented appellant at the time the alleged ineffective assistance occurred.

[7] *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[8] *See Strickland*, 466 U.S. at 694; *Ex parte Martinez*, 195 S.W.3d at 730.

[9] *See Strickland*, 466 U.S. at 694; *Ex parte Martinez*, 195 S.W.3d at 730.

to his trial lawyers' alleged deficient performance, the trial court reweighed the evidence in aggravation against the totality of available mitigating evidence.[10] To prove prejudice, appellant had to show a reasonable probability that the jury's assessment of punishment would have been different if the jury had heard evidence that appellant's attorneys failed to offer during the punishment phase.[11] "The likelihood of a different result must be substantial, not just conceivable."[12]

Appellant argues that the performance of Cline and Moran—appellant's lawyers during the punishment phase of trial—was deficient because, due to their inadequate investigation, they did not present any mitigating evidence during the punishment phase. Appellant focuses his argument on three separate claims: (1) his lawyers should have asked his mother, father, and pastor to testify; (2) his lawyers should have requested funds for the appointment of an expert witness; and (3) his lawyers should have offered into evidence his medical records, which showed, among other things, that he struggled with depression and suicidal thoughts. For the sake of argument, this court presumes, without deciding, that the performance of appellant's lawyers was deficient and then proceeds to an analysis of prejudice.

As to the failure to present evidence from appellant's mother, father, and pastor, appellant cannot show prejudice because evidence before the trial court on the motion for new trial showed that appellant instructed his counsel "not to prepare witnesses for mitigation" and that, after the guilt/innocence phase of trial, appellant refused Cline's offer to move for a continuance so that she might try to obtain witnesses in mitigation.[13] This court must credit this testimony because it supports

---

[10] *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Ex parte Martinez*, 195 S.W.3d at 730.

[11] *See Ex parte Martinez*, 195 S.W.3d at 730–31.

[12] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

[13] *See Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) ("The Court of Appeals first addressed the

the trial court's ruling.[14]    Yet, the record contains no evidence that appellant instructed his counsel not to present any mitigation evidence, only that appellant instructed counsel not to prepare witnesses to testify to mitigating evidence during the punishment phase; therefore, this legal rule does not reach appellant's ineffective-assistance-of-counsel claim as to his lawyers' failure to offer appellant's medical records into evidence during the punishment phase.[15]

Appellant argues that under this court's opinion in *Milburn v. State*, we must not speculate as to whether the evidence that his counsel failed to present during the punishment phase would have influenced the jury in appellant's favor, and appellant need only show a possibility that any such evidence might have influenced the jury's assessment of punishment.[16]    Appellant bases this argument on the following paragraph from the *Milburn* opinion:

> In any event, we find that appellant has demonstrated prejudice in this case, even though it is sheer speculation that character witnesses in mitigation would have in fact favorably influenced the jury's assessment of punishment. Counsel's lack of effort at the punishment phase of trial deprived appellant of the possibility of bringing out even a single mitigating factor. Mitigating evidence clearly would have been admissible. The jury would have considered it and possibly been influenced by it.[17]

---

State's contention that Landrigan instructed his counsel not to offer any mitigating evidence. If Landrigan issued such an instruction, counsel's failure to investigate further could not have been prejudicial under *Strickland*.").

[14] *See Charles*, 146 S.W.3d at 208.

[15] *See id*. The majority appears to apply this rule to all of appellant's ineffective-assistance-of-counsel claims.  *See ante* at 7.

[16] *See Milburn*, 15 S.W.3d at 270–71.

[17] *Id*. at 271 (citations omitted).

4

Read in isolation, this paragraph might seem to support appellant's argument.[18] Yet, in other parts of the *Milburn* opinion, this court discussed the evidence as to what the twenty available mitigation witnesses' testimony would have been if each had been called to testify during the punishment phase of the trial of the defendant convicted of cocaine possession, including testimony that the defendant was an excellent father to his special-needs daughter and that the defendant was an outstanding employee.[19] The *Milburn* court concluded that there was a reasonable probability that the jury would have assessed a less-severe punishment had the jury been able to consider the mitigating evidence shown at the hearing on the motion for new trial.[20] Though the *Milburn* court used language suggesting a different and incorrect legal standard, the court did not actually apply a legal standard different from that established by binding precedent from the Supreme Court of the United States and the Court of Criminal Appeals of Texas.[21]

To show prejudice regarding mitigating evidence, a defendant must show what the evidence would have been if it had been offered during the punishment phase, and the defendant must show a reasonable probability that the jury's assessment of punishment would have been different if the jury had heard this evidence.[22] The trial court did not abuse its discretion in concluding that appellant did not show a reasonable probability that the jury's assessment of punishment

---

[18] The majority finds no basis in the *Milburn* opinion to support appellant's argument. *See ante* at 8.

[19] *See id.* at 269–70.

[20] *See id.* at 271.

[21] *See Wiggins*, 539 U.S. at 534; *Ex parte Martinez*, 195 S.W.3d at 730; *Strickland*, 466 U.S. at 694.

[22] *See Ex parte Martinez*, 195 S.W.3d at 730–31. Appellant has not shown what evidence would have been presented during the punishment phase if his counsel had obtained funds for the appointment of an expert witness.

5

would have been different if the jury had been able to consider appellant's medical records in assessing punishment.[23]

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison. (Christopher, J., majority).
Publish — Tex. R. App. P. 47.2(b).

---

[23] *See Ex parte Martinez*, 195 S.W.3d at 730–31; *Washington v. State*, 417 S.W.3d 713, 728 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).