**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00207-CR**
_____

**NATHAN KYLE GOBLISH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-08-10206-CR**

**MEMORANDUM OPINION**

A jury found appellant Nathan Kyle Goblish guilty of online solicitation of a minor and assessed his punishment at confinement for twenty years. In his sole issue, Goblish complains that his trial counsel provided him with ineffective assistance by failing to timely present mitigation witnesses during the punishment stage of trial, thereby denying him a fair trial. We affirm the trial court's judgment.

1

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) An appellant must demonstrate a reasonable probability that but for his counsel's errors, the jury's assessment of punishment would have been less severe. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Bazan v. State*, 403 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone,* 77 S.W.3d at 833.

An attorney's decision not to present particular witnesses during the punishment phase of trial is largely a matter of trial strategy. *Robinson v. State*, 514 S.W.3d 816, 824 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Goblish must prove that there was no professional reason for specific acts or omissions of his counsel. *See Bone,* 77 S.W.3d at 836. In addition, any allegation of ineffectiveness

2

"must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Ordinarily, trial counsel should be given an opportunity to explain his actions before being denounced as ineffective. *Menefield*, 363 S.W.3d at 593. Thus, the bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted). Here, because no motion for new trial was filed, Goblish's counsel was not provided an opportunity to fully explain the choices he made in representing Goblish and in presenting the case to the jury.

Goblish argues that his own testimony was the only evidence his trial counsel presented during punishment, and that an "undefined number of friends" were willing to testify. Goblish also argues that his trial counsel both failed to timely present these witnesses and failed to request a recess to secure the witnesses. According to Goblish, because his trial counsel failed to arrange to have these witnesses available for trial, there was no opportunity to bring in his former wives or girlfriends to prove he was not a pedophile, and the lack of such

testimony prejudiced the outcome of his trial. Goblish asks that this Court allow the trial court the opportunity to review what the testimony of these unnamed witnesses would have been to determine the degree of prejudice resulting from the lack of such testimony.

A defendant who complains about trial counsel's failure to call witnesses must show that the witnesses were available and that he would have benefitted from their testimony. *Robinson*, 514 S.W.3d at 824. The record shows that at the beginning of the punishment phase, trial counsel informed the trial court that one of Goblish's friends would be present to testify "in about an hour." After the State rested, the trial court granted trial counsel's request for a short recess to give Goblish's fellow colleagues and supervisors time to appear. Later, trial counsel asked the trial court for permission to testify in Goblish's defense concerning Goblish's criminal history and divorce, explaining that Goblish had elected not to testify during punishment and that his other potential witnesses were not going to make it in time to testify. The trial court noted that it had granted Goblish a twenty-minute recess, and after forty minutes, Goblish's witnesses had failed to appear. At that point, Goblish decided to testify on his behalf. Goblish testified that he worked for ALATAS Americas, and that the vice-president, Robin Thomas, was on his way to court to testify in his defense. After Goblish testified on direct examination,

trial counsel requested additional time to allow Thomas to get to court, but the record shows Thomas failed to appear before the trial ended. Trial counsel informed the trial court that he had tried to find witnesses for the punishment phase but had not anticipated that the trial would move so quickly.

On this record, Goblish cannot establish ineffective assistance based on his trial counsel's failure to present witnesses during the punishment phase, even though trial counsel admitted that the reason no witnesses were present was due, at least in part, to counsel's failure to ensure their attendance. Goblish failed to present evidence showing that he would have benefitted from any testimony of these witnesses. *See Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005); *Robinson*, 514 S.W.3d at 824; *Milburn v. State*, 15 S.W.3d 267, 269-70 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We conclude that Goblish has failed to establish ineffective assistance of counsel by a preponderance of the evidence, and we overrule his sole issue and affirm the trial court's judgment. *See Strickland*, 466 U.S. at 687; *Bone,* 77 S.W.3d at 833.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 26, 2019
Opinion Delivered April 10, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.