COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DARRELL BROWN, | § | |
| | | No. 08-12-00026-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 168th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20110D00283) |
| | § | |

**O P I N I O N**

Darrell Brown appeals his conviction for one count of manslaughter, TEX.PENAL CODE ANN. § 19.04. The jury sentenced Brown to 20 years' in prison and levied a $10,000 fine. On appeal, Brown brings two claims for ineffective assistance of counsel during the sentencing phase of his trial. In Issue One, Brown argues that his lawyer's failure to present any witnesses during sentencing rendered his assistance constitutionally ineffective. In Issue Two, Brown contends that defense counsel was ineffective because he prevented Brown from testifying during sentencing. For the following reasons, we affirm.

**BACKGROUND**
*Factual History*

On November 6, 2010, a fight broke out following tensions between two groups of men at the Golden Nugget, a bar located on Trowbridge Drive in El Paso. Appellant, who was

underage, and a group of friends entered the Golden Nugget carrying beers they had purchased outside the bar. A woman at the bar then invited Appellant and one of his friends to give an improvised rap music performance for Golden Nugget patrons. Shortly thereafter, a Hispanic male who was part of a group of about four people approached Appellant, and the two exchanged words. In an audio transcript of an interview given to police after the fight, Appellant stated that the man shoved him and another member of that group hit him over the head with a bottle and used a racial slur against Appellant, who is African-American. Appellant told police that he used a bar stool to defend himself as a large brawl broke out inside the Golden Nugget, moved into the bathroom, and spilled outside onto Trowbridge Drive.

Several people chased Appellant outside and he ran towards his friend Joey Tellez's borrowed truck in the parking lot. Tony Martin, another member of the group, was already inside Tellez's truck and had started the engine when Appellant, who was intoxicated, sat in the driver's seat. Martin testified that Appellant "looked scared," was "panicking," and looked like he was "in an adrenalin rush." Joey had become separated from the group, and neither Appellant nor Martin knew where he was. After a brief discussion, Appellant drove off in Tellez's truck. Appellant told police that when he came upon the same Hispanic man who began the fight walking in the street, Martin told him to hit him with the truck, and Appellant complied. Appellant did not stop to render aid. The victim was later identified as Fernando Vargas. Vargas suffered from a severe brain injury from the accident and died of his injuries shortly after being hit.

### *Procedural History*

Appellant was charged with one count of murder. During jury selection, one of Appellant's defense counsels, told the jury that he typically advised his clients not to take the

2

stand. His statement to the jury is as follows:

> [Defense]: You've guilt/innocence [sic] and then you got punishment. The defendant can testify at one or both of those. But typically I tell my defendants do not testify. Unless you really have to, unless I think you really, really have to, you're an idiot for testifying.
>
> Sometimes the situation is created where you have to take that stand. So I guess what I'm trying to get across to you is this. I know you're going to want to – or at least maybe you're going to want to – hold it against him a little bit because everybody wants to know what's going on. But please don't because he's getting a lot of pressure from me. Even though he might have the greatest thing in the world to say. . . .

During its case-in-chief, the prosecution presented eyewitness testimony, Appellant's confession to police, and several surveillance videos from the Golden Nugget itself and nearby businesses that showed the truck hitting Vargas. Appellant's defense attorneys cross-examined the witnesses, including a Federal Bureau of Investigations technician and a video editor who had enhanced and edited the various surveillance cameras' footage into one montage. At the close of the prosecution's case, the defense moved for a directed verdict on the basis that Appellant had killed Vargas in defense of third persons – namely, Tellez, who could not be found after the bar fight. The trial court denied the motion, and the defense then called several witnesses. The jury convicted Appellant of the lesser-included offense of manslaughter.

Prior to sentencing, defense counsel mentioned on the record that he was attempting to coordinate the trial court's schedule with a witness who wished to testify at sentencing and was coming in from out of town. However, the defense rested without calling any witnesses after the prosecution's case-in-chief at sentencing. Defense counsel made the following statement to the court:

> Your Honor, we have a defendant over here who wishes to testify, but under advice of counsel we're not going to put on anything at all. We rest.

3

The jury sentenced Appellant to twenty years' in prison and assessed a $10,000 fine.

## DISCUSSION

Appellant contends that his trial counsel rendered constitutionally ineffective assistance during the punishment phase of his trial for two reasons. First, Appellant argues that his lawyer's decision not to put on any witnesses at punishment fell so far outside the scope of sound professional judgment as to constitute constructive denial of counsel. Second, Appellant argues that his lawyer rendered ineffective assistance when he refused to call Appellant to the stand in spite of Appellant's purported desire to testify.

### *Ineffective Assistance of Counsel Standard*

Both the United States and the Texas Constitutions guarantee an accused the due process right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; *see also* TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005). Implicit in that right is the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062-64, 80 L.Ed.2d 674 (1984). To obtain reversal for ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) that the deficient representation prejudiced the defendant, i.e. that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669, 104 S.Ct. at 2055-56.

We begin each *Strickland* analysis strongly presuming that counsel was competent and that his decisions "fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999); *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (establishing presumption that actions "might be considered sound trial strategy"). A

4

defendant must affirmatively "prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to overcome that presumption and succeed on the first prong of *Strickland*. *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002); *see also Landers v. State*, 110 S.W.3d 617, 622 (Tex.App--Houston [14th Dist.] 2003, pet. ref'd)(noting that the sound trial strategy presumption "cannot be overcome absent evidence in the record of the attorney's reasons for his conduct"). "An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct." *Thompson*, 9 S.W.3d at 814.

Only rarely will a sufficiently developed record "permit a reviewing court to fairly evaluate the merits of such a serious allegation." *Bone*, 77 S.W.3d at 833 ("In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.")[internal citation omitted]. Typically, in direct appeals, evidence of ineffective assistance will be adduced at a motion for new trial hearing, although moving for a new trial is not technically necessary to preserve error. *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003)(ineffective assistance of counsel claim may be granted without motion for new trial where "trial counsel's ineffectiveness is so apparent from the record")[internal citations omitted]. Absent affirmative evidence of misconduct, we will not infer ineffective assistance where the record is silent on facts, circumstances, or counsel's rationale unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005); *Thompson*, 9 S.W.3d at 814. Failure to prove either of the *Strickland* prongs "defeats the

5

ineffectiveness claim." *Thompson*, 9 S.W.3d at 813.

### *Failure to Call Witnesses During Punishment Phase*

In Issue One, Appellant maintains that his lawyer's refusal to call any defense witnesses when at least one was apparently available was objectively unreasonable and led to him receiving the maximum sentence for manslaughter. The State responds that failing to call defense witnesses is not ineffective *per se*, and that in light of the record as a whole and prior statements counsel made during voir dire about strategically advising clients not to testify, Appellant cannot overcome the presumption that his lawyer competently made a strategic, professionally sound decision.

"It is the trial counsel's prerogative, as a matter of trial strategy, to decide which witnesses to call[.]" *Weisinger v. State*, 775 S.W.2d 424, 427 (Tex.App.--Houston [14th Dist.] 1989, pet. ref'd). "An attorney's decision not to present particular witnesses at the punishment stage may be a strategically sound decision if the attorney bases it on a determination that the testimony of the witnesses may be harmful, rather than helpful, to the defendant." *Milburn v. State*, 973 S.W.2d 337, 344 (Tex.App.--Houston [14th Dist.] 1998, pet. granted)("*Milburn I*"), *vacated on other grounds*, 3 S.W.3d 918 (Tex.Crim.App. 1999)("*Milburn II*");[1] *see also Dotson v. State*, Nos. 14-98-00590-CR, 14-98-00591-CR, 1999 WL 1123037, *4 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd)(not designated for publication)(same). However, "[i]t may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable

---

[1] In *Milburn II*, the Court of Criminal Appeals vacated a decision by the Houston Court of Appeals, 973 S.W.2d 337 (Tex.App.--Houston [14th Dist.] 1998, pet. granted)("*Milburn I*") because the Houston Court of Appeals found deficient performance by counsel for failing to find and investigate defense witnesses, but incorrectly held that prejudice did not need to be demonstrated at sentencing. The Court of Criminal Appeals remanded the case for a prejudice analysis, *see Milburn v. State,* 15 S.W.3d 267, 269 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd)("*Milburn III*"). That opinion re-incorporated the prior deficient performance holding it adopted in *Milburn I*. *See* 15 S.W.3d at 269-70. To the extent that it was adopted by *Milburn III*, we may rely on *Milburn I* as persuasive authority.

him to make an informed rational decision." *Ex parte Duffy*, 607 S.W.2d 507, 526 (Tex.Crim.App. 1980). Thus, evidence that trial counsel did not conduct due diligence prior to making his decision not to call a witness may go to ineffective assistance. *Id.* In the absence of that evidence, we presume trial counsel's decision not to present any mitigating evidence was rational and strategic. *See Ex parte Kunkle*, 852 S.W.2d 499, 506 (Tex.Crim.App. 1993).

Here, Appellant has not provided enough evidence to overcome the presumption that trial counsel's failure to call witnesses or otherwise present mitigating evidence was strategic. Appellant argues that the *Milburn* cases support his argument that failure to call any witnesses during the punishment phase constitutes ineffective assistance of counsel, since punishment is "the time at which for many defendants the most important services of the entire proceeding can be performed." *See Milburn*, 15 S.W.3d at 269. However, in the *Milburn* cases, evidence adduced at a hearing for new trial affirmatively established that the defendant's attorney had failed to perform due diligence investigations of potential defense witnesses before deciding not to present any mitigating evidence. *See id*. at 269. In this case, Appellant never adduced any evidence of ineffective assistance of counsel when he filed his first motion for a new trial in "[t]he interest of justice," nor did his new counsel avail himself of the opportunity to amend the motion for new trial to include an ineffective assistance of counsel claim as provided by TEX.R.APP.P. 21.4(b). Appellant further cannot direct our attention to any other evidence in the trial record that would allow us to veer into counsel's decision-making process and provide insight as to his rationale. As such, we presume that counsel's decision to not present any mitigating witnesses at punishment fell within the bounds of trial strategy permitted by *Strickland.* Appellant's claim fails the first prong of the ineffective assistance of counsel test, and we therefore need not address prejudice on this issue.

Issue One is overruled.

### *Failure to Call Defendant During Punishment Phase*

In Issue Two, Appellant argues that his trial counsel rendered ineffective assistance because he refused to let Appellant testify during the punishment phase.

A criminal defendant has the absolute right to testify in his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2707-08, 97 L.Ed.2d 37 (1987). As such, counsel has a reciprocal duty to allow a criminal defendant to testify if he wishes after full consultation about the possible consequences. *See Johnson v. State*, 169 S.W.3d 223, 235 (Tex.Crim.App. 2005); *see also* STANDARDS FOR CRIMINAL JUSTICE: PROSECUTION FUNCTION AND DEFENSE FUNCTION § 4-5.2(a)(iv)(3d Ed. 1993)(setting out ABA's suggested standards for defense attorney professional conduct and performance). Where a defense attorney and not the trial court has prevented a defendant from testifying on his own behalf, "*Strickland* . . . provides the basic framework . . ." for analyzing error. *Johnson*, 169 S.W.3d at 232.

Here, Appellant has not shown that his trial counsel actually prevented him from testifying. His entire argument is premised on the following statement his lawyer made after the prosecution rested its case at punishment:

> Your Honor, we have a defendant over here who wishes to testify, but under advice of counsel we're not going to put on anything at all. We rest.

The statement is ambiguous, and could be read either as a stray comment to the trial judge that Appellant reluctantly acceded to counsel's advice, or as a statement by counsel that he would not permit Appellant to testify in spite of his wishes. We presume that counsel is competent, *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, and thus, that his statements reflect the fact that Appellant ultimately decided not to testify himself. Appellant may overcome this presumption by a preponderance of the evidence, *Bone*, 77 S.W.3d at 836, if he presents proof

8

that counsel refused to let him assert his right to testify. However, Appellant has offered no other evidence beyond the "assertions in his brief on appeal . . . that he asserted his right to testify and his attorney failed to protect it." *Salinas v. State*, 163 S.W.3d 734, 741 (Tex.Crim.App. 2005). That is not enough evidence to sustain an ineffective assistance of counsel claim.

Appellant did not provide any affirmative evidence that his lawyer refused to let him testify. Further, he did not examine his trial counsel in connection with his motion for a new trial, thereby failing to create a record and preventing us from according counsel an "opportunity to explain [his] actions before being condemned as unprofessional and incompetent." *Bone*, 77 S.W.3d at 836. As such, Appellant cannot overcome the presumption of his trial counsel's competence. We need not reach the second prong of the *Strickland* analysis on this issue.

Issue Two is overruled.

## CONCLUSION

Having overruled all of Brown's issues, we affirm the trial court's judgment.


January 15, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

9