

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00087-CR

ARVEL WILLIAM STEWART, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1301157

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

During the Hunt County jury trial of Arvel William Stewart for driving while intoxicated, investigating state trooper Kevin Stroud testified that there was a correlation between Stewart's failing two field sobriety tests and having a blood-alcohol content above 0.08. Although the trial court sustained Stewart's objection to that testimony and instructed the jury to disregard it, Stewart's motions for mistrial were overruled. From Stewart's conviction and resulting sentence of 365 days' confinement, he appeals, complaining of the lack of a mistrial and claiming ineffective assistance of counsel.

We affirm the trial court's judgment because (1) denying a mistrial was within the trial court's discretion and (2) ineffective assistance of counsel has not been shown.

On June 13, 2013, in Hunt County, Texas, at about midnight, Stroud stopped Stewart's car for speeding. In speaking with Stewart, Stroud smelled alcohol and noticed that Stewart had glassy, bloodshot eyes. After questioning by Stroud, Stewart admitted he had consumed several beers that night. When Stewart failed the administered field sobriety tests, he was arrested and charged with operating a motor vehicle in a public place while intoxicated. Stewart refused to provide a blood or breath specimen.

*(1)    Denying a Mistrial Was Within the Trial Court's Discretion*

We first address Stewart's contention that the trial court erred by denying his motions for mistrial based on Stroud's improper testimony.

Here, Stroud was qualified as an expert in administering and interpreting field sobriety tests, including the horizontal gaze nystagmus (HGN), the walk and turn, and the one-leg stand.

2

During the State's direct examination, Stroud testified that (a) Stewart's eyes involuntarily jerked during the HGN test, indicating that the subject has a blood-alcohol content above 0.08, and (b) Stewart failed the walk and turn test, indicating that the subject has a blood-alcohol content above 0.08. In each instance, Stewart objected to Stroud's testimony, and the trial court sustained the objection[1] and instructed the jury to disregard Stroud's testimony. In each instance, Stewart also unsuccessfully moved for a mistrial.

"A trial court's denial of a mistrial is reviewed under an abuse of discretion standard and must be upheld if within the zone of reasonable disagreement." *Brooks v. State*, 420 S.W.3d 337, 340 (Tex. App.—Texarkana 2014, no pet.) (citing *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010)). "'Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.'" *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). In other words, we must determine whether the given instruction to disregard could not cure the prejudice from the State's improper question.

In determining whether the trial court abused its discretion in denying a motion for a mistrial, we consider "(1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (citing *Martinez v. State*, 17 S.W.3d 677, 693–94 (Tex. Crim. App. 2000)).

[1]Field sobriety tests do not measure precise alcohol concentration but, instead, can serve as circumstantial evidence "tending to show that [the subject] did not have normal use of his mental or physical faculties at the time of the accident because of alcohol consumption." *Douthitt v. State*, 127 S.W.3d 327, 337 (Tex. App.—Austin 2004, no pet.); *see also Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (HGN test is reliable indicator of intoxication but cannot be used to quantify test subject's blood-alcohol content).

Here, Stroud twice improperly testified that there is a correlation between failing a field sobriety test and the subject having a blood-alcohol concentration above 0.08.[2] In its closing arguments, rather than emphasizing or repeating Stroud's correlation, the State noted that the jury charge's definition of intoxication "doesn't even have 0.08, because that's not in evidence. It says mental or physical faculties." In its arguments, the State focused its attention on Stroud's experience and training, the field sobriety tests, and Stroud's testimony that Stewart failed all three of the tests, indicating he was mentally and physically impaired to the point of intoxication.

On speaking with Stewart, Stroud smelled alcohol and noticed that Stewart had glassy, bloodshot eyes. In his testimony, Stroud described the field sobriety tests as well as the way that Stewart failed each of them. The jury also saw a video recording of Stroud administering, and Stewart performing the field sobriety tests.

In most cases, an instruction to disregard will cure the alleged harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Whitney v. State*, 396 S.W.3d 696, 704 (Tex. App.—Fort Worth 2013, pet. ref'd). Given the strength of the evidence against Stewart and the trial court's instruction to disregard, the trial court did not abuse its discretion by denying his motions for mistrial. We overrule this point of error.

---

[2]A witness qualified as an expert on the administration and interpretation of field sobriety tests may not correlate the defendant's performance on field sobriety tests to a precise blood-alcohol concentration. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994); *McRae v. State*, 152 S.W.3d 739 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

*(2)    Ineffective Assistance of Counsel Has Not Been Shown*

Stewart also contends that his trial counsel was ineffective for not presenting expert testimony to assist the jury in understanding how his inner ear condition could have affected his performance on field sobriety tests. During his cross-examination of Stroud, Stewart asked about medical issues, such as an inner ear condition, that could affect a subject's performance on the field sobriety tests. Stewart's medical records, showing that he had an inner ear condition, are in evidence.

In reviewing a claim of ineffective assistance of counsel, we apply a two-prong test. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The first prong requires a showing that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. 668). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The second prong of the *Strickland* test, the prejudice prong, requires a showing that, except for counsel's deficiency it is reasonably probable that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Id*. at 694. An appellant need not show that counsel's deficient performance more likely than not changed the result of the case. *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

5

We begin our analysis with the rule that any allegation of ineffectiveness of counsel must be firmly based in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). Here, using the evidence in the record, Stewart bears the burden of proving by a preponderance of the evidence that counsel's representation was deficient. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Rarely will a reviewing court be provided a record on direct appeal that allows for a comprehensive evaluation of the merits of such a claim. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14.

No motion for new trial was filed in this case, and we find nothing in the record attempting to secure testimony from trial counsel regarding his decisions and strategies at trial. While Stewart claims his trial counsel should have used an expert to explain the medical records to the jury, his counsel could have believed that such an explanation was not necessary or would not have been helpful. The medical records establish that Stewart had an inner ear problem. On cross-examination, Stroud admitted that inner ear conditions "can cause balance issues," and, during the arguments regarding the records' admission, the trial court stated that the medical records were relevant because "inner ear problems can affect balance and the ability to perform on some of the tests that require balance." During his closing arguments, Stewart's trial counsel, using the medical records, argued that Stewart's inner ear condition could have negatively

6

affected his ability to perform the sobriety tests. Trial counsel reasonably could have believed that the medical records, combined with this testimony and argument, were sufficient or that exposing an expert to cross-examination by the State made the prospects for such testimony less than appealing.

We are highly deferential to trial counsel's performance and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (citing *Thompson*, 9 S.W.3d at 813–14). Therefore, we overrule this point of error.

We affirm the trial court's judgment.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:      November 24, 2014
Date Decided:        January 14, 2015


Do Not Publish